UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,                              DECISION AND ORDER

                                                                         06-CV-6494L

             v.

SUTHERLAND GLOBAL SERVICES, et al.,

                              Defendants.
_____

      Plaintiff, Anthony Falso, commenced this action *pro se* against his former employer Sutherland Global Services, Inc. ("Sutherland") for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, as amended by the Civil Rights Act of 1991 ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117, as amended ("ADA"). Plaintiff has also sued several individual Sutherland employees, Sheila Andelson, Rebecca Klimek, Valerie Moschiano, James Nichols, and Pamela Sheets (collectively, the "individual defendants"), and they are named as defendants in plaintiff's amended complaint. (Dkt. #4).[1]

---

[1] The other named defendants, Maria Smith, Angela Sorrell, Kristine Barlett, have never been served and have not appeared in this action.

Plaintiff worked as a sales representative at Sutherland from December 5, 2005 until January 19, 2006, when his employment was terminated. On or about February 13, 2006, plaintiff filed an administrative complaint ("Division Complaint") with the New York State Division of Human Rights ("the State Division") against Sutherland, claiming disability discrimination in violation of the New York State Human Rights Law and the ADA. *See* Dkt. #4 at 9-10. That complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC"). The State Division issued a Determination and Order After Investigation finding no probable cause to believe that Sutherland had engaged in the complained-of unlawful discriminatory practice. *See* Dkt. # 15-3, Ex. 4. On September 26, 2006, the EEOC issued a Dismissal and Notice of Rights in which it adopted the findings of the State Division dismissing plaintiff's claim. *See* Dkt. #4 at 6.

On October 6, 2006, plaintiff commenced this action, alleging violations of both the ADA and Title VII. Plaintiff alleges that he suffers from a learning disability, obsessive compulsive disorder, and depression. He claims that, after informing Sutherland of his learning disability and what he alleges to be medical conditions stemming from this disability, he was subjected to harassment, "demeaning actions," and harsh treatment. (Dkt. #4). Plaintiff alleges that one of his co-workers falsely accused him of behaving inappropriately and that defendants would distract him and interfere with his work. Lastly, he claims that his employment at Sutherland was terminated because of his disability.[2]

---

[2]Although plaintiff placed an "X" next to Title VII in his amended complaint, indicating that this action was being brought in part pursuant to Title VII, the factual allegations set forth in the amended complaint relate only to plaintiff's disability, and have no relevance to any discriminatory action outlawed by Title VII, which prohibits only employment discrimination based on an "individual's race, color, religion, sex, or national origin ... ." 42 U.S.C. § §
(continued...)

The individual defendants now move to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In addition, Sutherland moves for partial summary judgment dismissing the Title VII claim pursuant to Fed. R. Civ. P. 56.

**DISCUSSION**

**I. Individual Defendants' Motion to Dismiss**

The individual defendants contend that plaintiff's claims against them should be dismissed on the ground that there is no individual liability under Title VII or the ADA. I agree.

It is well-established in the Second Circuit that individuals may not be held personally liable under Title VII. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 74-75 (2d Cir. 2000); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995); *Tomka v. Seiler*, 66 F.3d 1295, 1313 (2d Cir. 1995). The same is true under the ADA. *Corr v. MTA Long Island Bus.*, 199 F.3d 1321 (2d Cir. 1999) (holding that "there is no right of recovery against individual defendants under the ADA"); *see also Bliss v. Rochester City Sch. Dist.*, 196 F. Supp. 2d 314, 339 (W.D.N.Y. 2002) (dismissing ADA claims against individual defendants), *aff'd* 103 Fed. Appx. 421 (2d Cir. 2004). Plaintiff's claims against the individual defendants must therefore be dismissed.

---

[2](...continued)
2000e-2.

**II. Sutherland's Motion for Partial Summary Judgment**

Sutherland moves for summary judgment dismissing plaintiff's Title VII claim on the ground that plaintiff failed to exhaust his administrative remedies. The motion is granted.

When deciding a motion for summary judgment under Rule 56, a court's responsibility is to determine whether there are issues of fact to be tried. *Duse v. Int'l Bus. Machs. Corp.*, 252 F.3d 151, 158 (2d Cir. 2001). Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.' ... An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Anderson*, 477 U.S. at 248); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A plaintiff may bring an employment discrimination action under Title VII only after filing a timely charge with the EEOC or with "a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e); *see also* 42 U.S.C. § 12117(a). Although "[e]xhaustion is ordinarily 'an essential element'" of a Title VII claim, the Second Circuit has held that "[c]laims not raised in an [administrative] complaint ... may be brought in federal court if they are 'reasonably related' to the claim filed with the agency." *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d

Cir. 2001), and *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)).

As the Second Circuit has explained, "[a] claim raised for the first time in the district court is 'reasonably related' to allegations in an EEOC charge 'where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 83 (2d Cir. 2001) (quoting *Butts*, 990 F.2d at 1402). This exception to the exhaustion requirement "'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filed out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003) (quoting *Butts*, 990 F.2d at 1402). "The central question is whether the complaint filed with the EEOC gave that agency 'adequate notice to investigate discrimination [of the type alleged in the civil complaint].'" *Williams*, 458 F.3d at 70 (quoting *Deravin*, 335 F.3d at 202).

Applying these principles here, I find that Sutherland's motion for partial summary judgment must be granted, and that plaintiff's Title VII claim must be dismissed for failure to exhaust administrative remedies. Plaintiff did not allege a Title VII claim in his Division Complaint, which alleged only discrimination based on plaintiff's disability. Furthermore, plaintiff presents no evidence suggesting that the State Division or EEOC would have been put on notice of the existence of a Title VII claim. Neither plaintiff's Division Complaint, the State Division's Determination and Order After Investigation, nor the EEOC's Dismissal and Notice of Rights make any reference to any Title VII claims, or to any facts reasonably related to such a claim. *See Aratari v. Genesee*

*County Sheriff's Office*, No. 00-CV-0163, 2000 WL 1047701, at *1 (W.D.N.Y. July 25, 2000) (dismissing ADA claim because it was not reasonably related to properly charged Title VII claim); *Herzog v. McLane Northeast, Inc.*, 999 F.Supp. 274, 276 (N.D.N.Y. 1998) (dismissing Title VII claim where EEOC charge only alleged discrimination based on the ADA)

Aside from the failure to exhaust, plaintiff's complaint in this action simply alleges no facts to support a Title VII claim. The mere fact that plaintiff checked the box on the form complaint indicating that he was asserting a claim under Title VII is not enough to permit the complaint to withstand a motion to dismiss, absent facts supporting such a claim. Plaintiff's purported Title VII claim must therefore be dismissed for this reason as well. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions"); *Johnson v. Xerox Corp.*, No. 04-CV-123, 2007 WL 965431, at *1 (W.D.N.Y. Mar. 30, 2007) (dismissing plaintiff's Title VII unlawful termination claim where "[p]laintiff simply checked the boxes on the pre-printed complaint form provided by the Clerk's Office indicating that he was terminated because of his race, color and disability," but "provide[d] no facts surrounding his alleged unlawful termination").

## CONCLUSION

The motion to dismiss filed by Sheila Andelson, Rebecca Klimek, Valerie Moschiano, James Nichols, and Pamela Sheets (Dkt. #15) is granted, and the complaint is dismissed as to those

defendants. The motion for partial summary judgment filed by Sutherland Global Services, Inc. ("Sutherland") (Dkt. #15) is granted, and plaintiff's claim under Title VII against Sutherland is dismissed.

   IT IS SO ORDERED.

_____
       DAVID G. LARIMER
    United States District Judge

Dated: Rochester, New York
       July 18, 2007.