UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FALSO,

                              Plaintiff,

                                                                           DECISION AND ORDER

                                                                           06-CV-6494L

          v.

SUTHERLAND GLOBAL SERVICES, et al.,

                              Defendants.
_____

## INTRODUCTION

Plaintiff Anthony Falso ("Falso"), proceeding *pro se*, brings this action alleging that defendant Sutherland Global Services, Inc. and several of its employees (collectively "Sutherland"), discriminated against him with respect to his employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq.[1]

Falso worked for Sutherland, a business process outsourcing company, as a sales representative from December 5, 2005 until January 19, 2006. Specifically, Falso was assigned to handle telephone calls to and from customers regarding the Intuit Turbo Tax Program. On January 19, 2006, Sutherland terminated Falso's employment, citing unacceptable conduct in the

---

[1] Falso's amended complaint also asserted Title VII claims. Those claims, as well as Falso's claims against several individual defendants, were dismissed by this Court by Decision and Order entered July 19, 2007. (Dkt. #21).

workplace, including Falso's alleged failure to keep his pants zipped and belt buckled, and handling his groin area in the presence of a female coworker.

On or about February 13, 2006, Falso filed a discrimination complaint against Sutherland with the New York State Division of Human Rights ("NYSDHR"), alleging that he had been discriminated against on the basis of a disability. After investigating Falso's claims, on August 18, 2006, the NYSDHR issued a "no cause" finding and dismissed Falso's complaint, noting that there was no evidence to substantiate any of his allegations. Those findings were adopted by the Equal Employment Opportunity Commission ("EEOC") on September 26, 2006.

Falso thereafter initiated the instant action, alleging that he suffers from a learning disability and obsessive compulsive disorder, and that Sutherland harassed him and terminated his employment in violation of the ADA. Discovery is complete, and Sutherland moves for summary judgment dismissing the amended complaint pursuant to Fed. R. Civ. Proc. 56. For the reasons set forth below, Sutherland's motion to dismiss (Dkt. #30) is granted, and the amended complaint is dismissed.

## DISCUSSION

### I.  Summary Judgment in Discrimination Cases

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination

actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993).

Falso's claims of employment discrimination are subject to the burden-shifting analysis first articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, Falso must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance, with or without reasonable accommodations in the case of an ADA-qualifying disability; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002); *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 870 (2d Cir. 1998). Once Falso has established a *prima facie* case, the burden shifts to Sutherland to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to Falso, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is a pretext. *See St. Mary's Honor Center*, 509 U.S. 502 at 508.

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless,

"proceeding *pro se* does not otherwise relieve [the opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003).

While granting Falso the liberal interpretation and favorable inferences due to him as a *pro se* plaintiff and as a nonmovant, I find that Falso cannot make out a *prima facie* case of discrimination, and/or rebut Sutherland's legitimate, nondiscriminatory reason for terminating his employment, and thus, his claims must be dismissed.

## II.     Falso's Discrimination Claims Pursuant to the ADA

Title I of the ADA prohibits employers from discriminating again any "qualified individual with a disability because of the disability of such individual in regard to" any aspect of employment.  42 U.S.C. §12112(a).  A plaintiff asserting a violation of the ADA must show that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability.  *See Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001).  For purposes of the ADA, a disabled individual is one who: "(I)  has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 42 U.S.C. §12102(2).  An impairment cannot be demonstrated merely through evidence of a medical diagnoses; rather, the ADA "requires those claiming the Act's protection . . . to prove a disability by offering evidence

that the extent of the limitation [caused by their impairment] in terms of their own experience . . . is substantial." *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002).

While generally alleging that he has a "learning disability" and an obsessive compulsive disorder, Falso offers no evidence in admissible form to demonstrate that he has an impairment that substantially limit one or more major life activities, or that Sutherland regarded him as having such an impairment. To the contrary, although Falso has submitted copies of various medical records which refer to diagnoses of learning, social, and mild physical disabilities, social awkwardness, depression, some repetitive obsessive compulsive behaviors, and difficulty with fine motor coordination, Falso does not allege, nor the records catalogue, any substantial limitations concerning a major life activity. Moreover, Falso admits he never requested or required any specific accommodations for his alleged disability. On these bases, Falso's claims of discrimination and/or failure to accommodate must be dismissed.

Moreover, even if Falso had established a *prima facie* case of discrimination based on his alleged disability, Falso cannot rebut Sutherland's legitimate, non-discriminatory reason for terminating his employment: his inappropriate behavior on the job.

It is undisputed that on January 4, 2006, one of Falso's female coworkers, Angela Sorrell ("Sorrell") complained to her team leader that Falso was sitting at his work station with his pants unzipped. The team leader visually confirmed the coworker's report, and referred the matter to the team trainer, Ray Donez ("Donez"). Donez instructed Falso to fasten his clothing, and the Department of Human Resources commenced an investigation of the matter.

On January 5, 2006, a Human Resources Representative met with Sorrell to discuss her complaint. Sorrell reported that she had observed Falso staring at her with his pants unzipped and his belt unbuckled, making her feel very uncomfortable. She requested that her work station be moved away from Falso, which was done immediately. The Human Resources Department also discovered that during his three-week training session in December 2005, Falso had been counseled four times concerning inappropriate attire, including wearing sneakers to work, failing to tuck in his shirt and failing to zip his pants.

On January 6, 2006, Sorrell reported that after commencing work at her new work station, Falso repeatedly appeared in her vicinity. Falso's supervisor and a Human Resources representative met with Falso, to discuss complaints that he had been staring at Sorrell and had been observed in the work area with his belt and/or pants unfastened. Falso stated that he had undone his pants because they were tight, due to weight gain from an anti-depressant medication. Falso claimed that he had not intentionally stared at Sorrell, but that he sometimes stared "into space." Falso was instructed that staring at coworkers was inappropriate, and that he could not be in the work area with his belt and/or pants undone. On January 9, 2006, Falso was issued a written warning concerning his violation of the dress policy.

On January 17, 2006, a second female coworker requested that her work station be moved away from Falso, and reported that Falso was regularly engaged in grabbing, pulling and punching his groin area. The coworker's station was moved, but on January 19, 2006, a third employee reported feeling uncomfortable due to Falso's staring at her.

The same day, Falso's supervisor and the Human Resources representative met with Falso to investigate the new complaints. Falso was advised that his employment with Sutherland was being terminated for unacceptable conduct.

Falso does not deny Sutherland's account of his conduct, and admits that he wore his pants unfastened and that he hit and pushed his groin with his hand or arm while seated in his work cubicle, in front of female coworkers. While Falso argues that his pants were overly tight due to medication side effects and that his handling of his groin area was an "impulsive, uncontrollable thing," such explanations are irrelevant to the question of whether Sutherland's termination of Falso's employment was legitimate. "The ADA does not immunize disabled employees from discipline or discharge for incidents of misconduct in the workplace," *Valentine v. Standard & Poor's*, 50 F. Supp. 2d 262, 289 (S.D.N.Y. 1999)(collecting cases), and disruptive and inappropriate behavior is a legitimate nondiscriminatory reason for termination, regardless of whether the misconduct was occasioned by the employee's alleged disability. *See e.g.*, *Falso v. The Salzman Group*, 545 F. Supp. 2d 295 (W.D.N.Y. 2008) (dismissing Falso's discrimination claims under factually similar circumstances, where Falso admitted to inappropriate behavior in the workplace, including handling his groin area in the presence of female coworkers). *See also Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 171 (2d Cir. 2006).

Falso has admitted to engaging in the conduct for which he was terminated, and there is no evidence that Sutherland's legitimate, nondiscriminatory reason for discharging Falso – specifically, Falso's refusal to keep his pants and belt fastened, staring at female coworkers and inappropriate touching of his groin area in front at least one female coworker – was a pretext for

unlawful discrimination based on Falso's disability. Accordingly, Falso's discrimination claim based on his alleged disability must be dismissed.

**III.   Falso's Harassment Claim**

Falso also alleges that he was subjected to a hostile work environment because of his disability. In order to prevail on a claim that unlawful harassment has caused a hostile work environment, a plaintiff must demonstrate that the workplace was permeated with "discriminatory intimidation, ridicule, and insult... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," and show a specific basis for imputing the conduct that created the hostile work environment to the employer. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted). *See also Mack v. Otis Elevator Co.*, 326 F.3d 116, 122 (2d Cir. 2003); *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002).

In determining whether conduct constitutes a hostile work environment, the Court considers the frequency and severity of the discriminatory conduct, whether the conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with the plaintiff's work performance. *See Winnie v. City of Buffalo*, 2003 U.S. Dist. LEXIS 1497 at *14-*15 (W.D.N.Y. 2003), *citing Harris*, 510 U.S. at 23. *See also Kotcher v. Rosa & Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) (incidents must be repeated and continuous; "isolated acts or occasional episodes will not merit relief").

In his complaint, Falso alleges that Sutherland subjected him to "demeaning actions" and treated him "harshly." However, Falso does not specify, either in his complaint or in his two

responses to the instant motion, any harassing comments or conduct by anyone at Sutherland. Falso's deposition testimony that Donez harassed him by moving Falso's workplace on one occasion and "repeating himself over and over again," and his claim that coworkers talked and laughed near his workspace and/or stared at him on isolated occasions, are insufficient to establish a hostile work environment, nor does the record contain any evidence that Sutherland otherwise subjected Falso to ridicule, insult, or any physically threatening or humiliating conduct. As such, Falso's harassment claim must be dismissed.

## CONCLUSION

For the foregoing reasons, I find that Falso has failed to establish a *prima facie* case of ADA-based discrimination or harassment, and/or to rebut Sutherland's legitimate, nondiscriminatory reasons for terminating his employment. Accordingly, Sutherland's motion to dismiss Falso's claims (Dkt. #30) is granted, and the amended complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 9, 2009.